UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL PASSMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00533-JMS-DLP ) |
| WEXFORD OF INDIANA LLC, ZATECKY, C. PETTY, M. MITCHEFF, FORQUER, PABLO PEREZ, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Order Denying Motion for Preliminary Injunction**

Michael Passmore is an inmate at Putnamville Correctional Facility. He brought this prisoner civil rights lawsuit alleging several Putnamville health officials, the warden, and the facility's medical provider violated his Eighth Amendment rights by failing to treat his painful ear infections, cough, chest pains and sinus problems and by failing to treat his symptoms when he contracted COVID-19 in August 2020. Dkt. 43. Mr. Passmore now moves for injunctive relief. Dkt. 99. For the reasons that follow, Mr. Passmore's request will be **denied**.

**I. Mr. Passmore's Motion**

Mr. Passmore's motion asserts Putnamville officials are retaliating against him for filing grievances and lawsuits, failing to treat his pneumonia, ignoring dangerous living conditions, and refusing to remove a collection order. Mr. Passmore seeks an order transferring him to a different Department of Correction facility as well as an order directing immediate treatment of his medical issues. A summary of each of his allegations is provided below.

Mr. Passmore first alleges that Warden Dushan Zatecky and other Putnamville correctional officials are retaliating against him for the multiple lawsuits and grievances that he has filed. Dkt. 85 at 2 – 3. He asserts Grievance Specialist Chris Williams has specifically retaliated against him by deleting files off the law library computer, refusing to answer his grievances, and "spying" on his court filings by informing prison staff every time Mr. Passmore files a document. *Id.* at 3. He alleges law library staff member M. Kelley confiscated declarations of other offenders for his cases and levied unjustified charges on his filings. *Id.* at 4 – 5. Finally, Mr. Passmore asserts Dorm Counselor Russ hired him to be the alternate dorm representative but then fired him one month later when she found out he had filed five different lawsuits against various Putnamville officials. *Id.* at 7 – 8.

Mr. Passmore next alleges Dr. Perez is retaliating against him by not treating his pneumonia and "slow walk[ing]" his doctor's visits. *Id.* at 6. Dr. Perez allegedly ordered X-rays in November 2021 but waited to submit the order until December 2021. *Id.* This was not the first time that Dr. Perez has delayed orders. *Id.* at 5.

Finally, Mr. Passmore alleges the living conditions at Putnamville fall below constitutional housing standards. *Id.* at 6. He asserts there is toxic mold and broken drains that emit toxic smelling gases. *Id.* He also alleges the temperatures are extreme (both cold and hot). *Id.*[1]

---

[1] Mr. Passmore also contends the prison staff refuse to remove the collection order in this case even though he has already paid the filing fee. *Id.* at 6 – 7. While it does appear Mr. Passmore overpaid for the filing fee and the Court had to send the Order terminating the collection order to the Facility multiple times, *see* dkt. 89, the Court has since refunded this overpayment. *See* Dkt. 98 (Order Directing Refund). Any issue regarding the filing fee and collection order therefore appears to be moot.

## II. Discussion

To obtain preliminary injunctive relief, Mr. Passmore must establish that (1) he will suffer irreparable harm; (2) his traditional legal remedies are inadequate; and (3) he has some likelihood of success on the merits. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "Some" likelihood of success means he must make a "strong" showing, which includes a demonstration of how he proposes to prove the key elements of his case. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). If Mr. Passmore makes this threshold showing, the Court then considers the balance of harms between the parties and the effect on the "public interest" should injunctive relief be granted. *Tully v. Okeson*, 977 F.3d 608, 612 (7th Cir. 2020). "This balancing process involves a 'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818.

Courts must be cautious when granting preliminary injunctive relief. *Tully*, 977 F.3d at 612 ("A preliminary injunction is an extraordinary remedy.") (internal quotations and citations omitted); *see also Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) ("A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.") (internal quotations and citations omitted). That is particularly so when the plaintiff requests that Court order the defendant to take a particular action. *Mays*, 974 F.3d at 818 ("Mandatory preliminary injunctions—those requiring an affirmative act by the defendant—are 'ordinarily cautiously viewed and sparingly issued.'") (internal quotations and citations omitted).

The Prison Litigation Reform Act ("PLRA") adds an additional layer: "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA reinforces the principle that prison administrators have

substantial discretion over the institutions they manage. *Rasho v. Jeffreys*, 22 F.4th 703, 711 (7th Cir. 2022).

Here, Mr. Passmore falls short of establishing he is entitled to preliminary injunctive relief. His retaliation and conditions of confinement claims suffer from a procedural defect: they fall outside the scope of this lawsuit. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."); *see also Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (same). This suit concerns only his medical treatment, and so the Court cannot issue injunctive relief on claims unrelated to the conduct alleged in the complaint.

As for his medical care claims, he has not made a threshold showing that he will have some success on the merits. *Mays*, 974 F.3d at 818. His medical records reflect that he was seen by either a nurse or Dr. Perez six times in the month preceding his motion for a preliminary injunction. *See* Dkt. 99-1, Affidavit of Pablo Perez ¶ 19 (visit with Dr. Perez on Jan. 12); ¶ 20 (visit with nursing staff on Jan. 22); ¶ 21 (visit with nursing staff on Jan. 27); ¶ 22 (visit with nursing staff on Jan. 30); ¶ 23 (visit with nurse practitioner on Feb. 3); ¶ 24 (visit with Dr. Perez on Feb. 8); *see also* Dkt. 85, Motion for Preliminary Injunction (filed Feb. 16). Mr. Passmore has recently been prescribed medication for his chest, *see* Dkt. 99-1, ¶ 19 (Dr. Perez prescribing Prednisone and Singulair for Mr. Passmore's breathing issues), and his latest chest X-ray, conducted on February 13, 2022, showed no presence of pneumonia. *Id.* ¶ 25 ("Mr. Passmore's latest chest x-ray from February 13, 2022 showed that there was no pneumothorax, pleural effusion, or focal airspace

consolidation."). Mr. Passmore has also routinely seen a psychologist and participated in group therapy. *Id.* ¶¶ 15, 18, 26. Given this record, Mr. Passmore has not made a strong showing he is likely to succeed on the merits. *See Johnson v. Dominguez*, 5 F.4th 818, 825 – 26 (7th Cir. 2021) (explaining a plaintiff's ultimate disagreement with a defendant's course of treatment is usually insufficient to establish deliberate indifference).

### III. Conclusion

For those reasons, Mr. Passmore's motion for preliminary injunction, dkt. [85], is **denied**.

**SO ORDERED**.

Date: 4/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel